UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22487

CARLOS AMAGO CASTELLANOS,

    Plaintiff,

vs.

MDM BRICKELL HOTEL GROUP, LTD.
D/B/A JW MARRIOTT HOTEL MIAMI,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Carlos Amago Castellanos, sues Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Carlos Amago Castellanos**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     **Defendant, MDM Brickell Hotel Group, LTD.,** is a *sui juris* Florida for-profit limited liability corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

1

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

5. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

6. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I - FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Carlos Amago Castellanos, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

7. Defendant was were Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Defendant regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

9. Defendant was at all times material engaged in interstate commerce in the course of its restaurant, hotel, and hospitality business operating the JW Marriott Miami.

10. Defendant buys wines, beers, alcoholic beverages, and other goods, materials, and supplies that traveled in interstate commerce and then sells these items to its clientele.

11. Defendant also engages in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

2

12. Furthermore, Defendant obtains, solicits, exchanges, and sends funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

13. Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or exceed $125,000 for each fiscal quarter during the preceding three years.

14. Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

15. Defendant paid Plaintiff an hourly wage, plus a service charge, and tips.

16. Plaintiff consents to participate in this lawsuit.

17. During this time, Plaintiff regularly and routinely sold beer, wine, and alcoholic and non-alcoholic beverages that traveled in interstate commerce to Defendant's clientele.

18. Plaintiff also regularly and recurrently exchanged communications outside of the State of Florida with vendors and customers and by regularly and recurrently conducting electronic transmissions of online transactions and credit card processing.

19. Plaintiff worked for Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, from November 2022 to March 17, 2023.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

21. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

22. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

23. Defendant's failure to pay Plaintiff overtime resulted from its deduction of time that he worked from the timekeeping software.

24. Defendant willfully and intentionally refused to pay Plaintiff wages at a time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant period by manually deducting overtime from the hours he worked.

25. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff the overtime pay earned.

26. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Carlos Amago Castellanos, demands the entry of a judgment in her favor and against Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

**COUNT II – RETALATORY DISCHARGE IN VIOLATION OF THE FLSA**

Plaintiff, Carlos Amago Castellanos, reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

27. Plaintiff had a good employment history with Defendant.

28. Plaintiff then objected and/or complained to Defendant about its failure to pay him overtime wages for all the hours he worked beyond 40 hours in a workweek.

29. Plaintiff complained multiple times to Defendant that it was violating his FLSA rights by failing to pay her the overtime wages he earned.

30. The last time Plaintiff complained was March 17, 2023, and on that same day, Defendant retaliated against him by terminating his employment due to his objection(s)/complaint(s) about not being paid overtime wages for all the overtime hours worked.

31. Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

32. Defendant violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because he objected/complained about not receiving overtime pay for all of the overtime hours that worked.

33. Plaintiff suffered the loss of his job, income, and identity and suffered emotional losses as a direct and proximate result of the Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Carlos Amago Castellanos, demands the entry of a judgment in her favor and against Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

    c. That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

    d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    e. That Plaintiff recover all interest allowed by law; and

    f. Such other and further relief as the Court deems just and proper.

**COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT**

Plaintiff, Carlos Amago Castellanos, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

34. Plaintiff had an exemplary employment history with Defendant.

35. Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, and so Plaintiff was an employee of Defendant, at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

36. Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

37. Plaintiff complained to Defendant multiple times that it was actually violating his FLSA rights by failing to pay him the overtime wages earned by working more than 40 hours in one or more workweeks.

38. The last time Plaintiff complained was March 17, 2023, and on that same day, Defendant retaliated against him by terminating his employment due to his objection(s)/complaint(s) about not being paid overtime wages for all the overtime hours worked

39. Defendant actually violated the FLSA by failing to pay Plaintiff the correct amount of overtime wages for all of the overtime hours worked.

40. The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

41. By initiating adverse employment actions against Plaintiff as aforesaid, Defendant violated the Florida Whistleblower Act.

42. Plaintiff was damaged and suffered a loss of his job, seniority rights, wages, and other remuneration as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Carlos Amago Castellanos, demands the entry of a judgment against Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT

Plaintiff, Carlos Amago Castellanos, reincorporates and re-alleges paragraphs 1 through as though set forth fully herein and further alleges as follows:

43. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

44. Plaintiff and Defendant agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate him at $8.00 for each hour worked plus his share of the service charges and tips received.

45. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid.

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

8

46. Defendant, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $8.00 for each hour of work performed for Defendant, plus the tips and services charges he earned, as a result of improperly deducting time from the time he worked, thereby resulting in Plainiff's receipt of less pay than he should have and did earn.

47. Plaintiff has been damaged due to Defendant's failure to pay for the work performed in a timely manner due to its manipulation of the time he worked.

WHEREFORE Plaintiff, Carlos Amago Castellanos, demands the entry of a judgment in her favor and against Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT

Plaintiff, Carlos Amago Castellanos, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

48. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

49. Plaintiff provided labor and services for Defendant, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

50. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

51. Plaintiff provided services on behalf of Defendant, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

52. Defendant was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it by failing to pay him for all hours worked.

WHEREFORE Plaintiff, Carlos Amago Castellanos, demands the entry of a judgment in her favor and against Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Carlos Amago Castellanos, demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of July 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*