UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22487

CARLOS AMAGO CASTELLANOS,

    Plaintiff,

v.

MDM BRICKELL HOTEL GROUP, LTD.
D/B/A JW MARRIOTT HOTEL MIAMI,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT**

    Defendant, MDM BRICKELL HOTEL GROUP, LTD. d/b/a JW MARRIOTT HOTEL MIAMI ("Defendant"), respectfully moves for an extension of time to respond to Plaintiff's Complaint and in support states as follows:

    1.    Plaintiff filed his Complaint in this matter on July 5, 2023 and purportedly served a copy on Defendant on July 12, 2023.

    2.    Pursuant to Federal Rule of Civil Procedure 12, the Defendant's response to the Complaint was due on August 2, 2023. However, due to a delay in retaining counsel, the undersigned formally appeared on behalf of Defendant on August 3, 2023.

    3.    Defendant's newly retained counsel requires additional time to investigate the Plaintiff's allegations and prepare a response to the Complaint, as well as to discuss potential settlement with the Plaintiff. Defendant therefore requests an extension of time through and including August 23, 2023, within which to respond to the Complaint.

    4.    The undersigned counsel for Defendant has conferred with Plaintiff's counsel

regarding the proposed extension requested in this motion and that Plaintiff does not oppose the relief requested herein.

5.  Accordingly, Defendant respectfully submits that Defendant has made an adequate showing and requests that this Court enter an Order granting Defendant an extension of time through and until August 23, 2023, to file and serve its response to the Complaint.

## **MEMORANDUM OF LAW**

Rule 6(b) of the Federal Rules of Civil Procedure provides in part:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Granting the requested extension of time for Defendant to file and serve its response to the Complaint constitutes a proper use of this Court's discretion. Defendant has requested the extension of time after the deadline specified by the Federal Rules of Civil Procedure for serving Defendant's response; accordingly, the Court may extend the time period for filing a response to the Complaint as long as Defendant failed to act because of excusable neglect. In *Ashmore v. Sec'y, DOT*, 503 Fed. Appx. 683, 2013 U.S. App. LEXIS 75 (11th Cir. Jan. 3, 2013) (unpublished opinion), the Eleventh Circuit Court of Appeals stated in relevant part:

> To determine if there was excusable neglect [under Rule 6(b)(1)(B)], the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, [*4] including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L.

> Ed. 2d 74 (1993). We have noted that, in Pioneer, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (holding that the nonmovant was not prejudiced by the movant's six-day delay).

*Smith v. Conner*, Case No. 8:12-CV-52-T-30AEP, 2013 U.S. Dist. LEXIS 7248, at *3-4 (M.D. Fla., Jan. 17, 2013) (citing *Ashmore*, 503 Fed. Appx. At 685-686)). Given the delay in retaining the undersigned counsel to represent the Defendant, the corporate Defendant was not represented by counsel and could not respond to the Complaint before the deadline specified by the Federal Rules of Civil Procedure. Now that counsel has been retained, Defendant requires an enlargement if time to properly evaluate the Plaintiff's allegations and develop and prepare Defendant's response to the Complaint. The Plaintiff has not been prejudiced as a result of the delay and, in fact, does not oppose Defendant's requested extension. *See id.* at *4-5 ("to establish prejudice, the delay must 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'") (internal citation omitted). Additionally, the delay in requesting this extension was brief, with the motion having been filed the day after the deadline specified by the Federal Rules of Civil Procedure expired. Finally, the Defendant has acted in good faith and is not seeking this extension for an improper purpose or unreasonable delay.

In light of these circumstances, Defendant respectfully submits that the Defendant has made an adequate showing of excusable neglect and the Court's discretion is best utilized by granting the requested extension. *Id.* at *6 (citing *In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003) ("[T]he absence of prejudice to the nonmoving party and to the interest of efficient judicial administration are of primary importance. . . .") (internal quotes omitted)).

WHEREFORE Defendant MDM BRICKELL HOTEL, LTD d/b/a JW MARRIOTT HOTEL MIAMI, respectfully requests that this Court enter an order granting Defendant an

extension of time to respond to Plaintiff's Complaint through and until August 23, 2023, and granting such other relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned counsel certifies that they conferred with Plaintiff's counsel in a good faith effort to resolve the motion for the reasons stated herein and Plaintiff's counsel does not oppose Defendant's requested extension.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: August 3, 2023

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
100 S.E. 2nd Street, Suite 2600
Miami, Florida 33131
Tel.: (786) 425-1045
Fax: (786) 425-3905
For Service of Pleadings: ServiceMia@boydlawgroup.com

By: /s/ *Kyle T. Berglin*
    **KYLE T. BERGLIN**
    Florida Bar No. 84207
    kberglin@boydlawgroup.com

## SERVICE LIST

**Brian H. Pollock, Esq.**
**Toussaint Marcus Cummings, Esq.**
**FairLaw Firm**
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
brian@fairlawattorney.com
toussaint@fairlawattorney.com
*Counsel for Plaintiff*