UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22487

CARLOS AMAGO CASTELLANOS,

    Plaintiff,

vs.

MDM BRICKELL HOTEL GROUP, LTD.
D/B/A JW MARRIOTT HOTEL MIAMI,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant, MDM BRICKELL HOTEL GROUP, LTD. D/B/A JW MARRIOTT HOTEL MIAMI ("Defendant"), by and through the undersigned counsel, and pursuant to the Order of Referral and Notice of Court Practice in FLSA Cases (hereinafter "FLSA Order") [D.E. 5], hereby responds to Plaintiff's Statement of Claim served on July 19, 2023 as follows:

    1.    Defendant denies that Plaintiff Carlos Amago Castellanos ("Plaintiff") is entitled to any relief under the Fair Labor Standards Act.

    2.    Defendant maintains that it has complied with all provisions of the Fair Labor Standards Act ("FLSA") and Florida law in the operation of La Terraza restaurant within the JW Marriott Hotel, including the payment of Plaintiff's wages and Plaintiff is owed nothing further.

    3.    Plaintiff makes two separate claims for recovery: 1.) Unpaid/underpaid overtime wages and 2.) Unpaid service charges, tips, and hourly wages on Plaintiff's last check.

    4.    Plaintiff claims he is owed $4.00, the overtime wage amount, for each hour over 40 hours per week worked for the entirety of his employment with La Terraza restaurant, based on

his allegation that Defendant did not pay the proper time and a half wage for every hour over 40 hours worked. Defendant denies Plaintiff's claims and states that it has complied with all wage requirements under the FLSA. Plaintiff alleges that he worked 460 hours of overtime in his tenure at La Terraza, and Defendant owes Plaintiff additional overtime wages in the amount of $1,840.00.

5. Defendant states that it properly paid Plaintiff for all hours worked by substituting overtime wages with wages earned via service charge when the wages earned via service charge exceeded the wages earned at the regular overtime rate. It is standard practice in the industry and all employees were informed that this would be the case when they were hired, and such pay practices are specifically permitted under the FLSA and Eleventh Circuit precedent.

6. Plaintiff worked from November 15, 2022, to March 17, 2023, a span of approximately 17 weeks. Plaintiff's hourly wage was $8.00 per hour. Making Plaintiff's overtime wages $12 per hour. Rather than pay overtime wages, Defendant would supplement Plaintiff's regular wages with the money earned via service charge on every check, ensuring that Plaintiff and all other workers at La Terraza earned at least $16 per hour plus tips. In those 17 weeks, Plaintiff worked a total of 723.63 hours. Of the hours works, 666.36 were "regular hours" within the 40 hour per week, regular wage timeframe. The remaining 57.27 hours worked were "overtime" or hours outside the 40 hour per week timeframe. At $12 per hour, the time-and-one-half rate of the Plaintiff would amount to $687.24 in overtime wages over the 17 week period worked. However, Plaintiff earned $10,522.13 worth of wages from service charges in that same time period, vastly exceeding Plaintiff's alleged overtime wages of $1,840.00. As Plaintiff earned significantly more than the overtime wage amount by substituting service charges earnings during that time period, Defendant fully complied with the FLSA for the time period in question and is not liable for further payment to the Plaintiff.

7. Defendant further denies Plaintiff's claim of underpayment as to Plaintiff's final paycheck. Plaintiff worked 32.75 hours in his final week and earned $262.00 at $8 per hour in hourly wages, plus an additional $524.00 in service charge earnings. Thus, Plaintiff's effective hourly rate for his final week calculates to $24 per hour. Additionally, Plaintiff earned $131.63 in cash tips in addition to his hourly wage and service charge earnings. Accordingly, Plaintiff was fairly compensated for his labor in his last week of work, and there is no factual basis for Plaintiff's underpayment allegations.

8. Defendant's payroll records and other relevant documents supporting this Response are being served on Plaintiff contemporaneously with this Response.

9. Defendant reserves its right to amend this response upon discovery of any additional information or defenses.

Dated: August 18, 2023.

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
*Attorneys for Defendant, El Camino Fort Lauderdale, LLC*
100 Southeast 2nd Street, Suite 2600
Miami, Florida 33131
Telephone: (786) 425-1045
Facsimile: (786) 425-3905
Service Email: ServiceMIA@boydlawgroup.com

By:  /s/ Kyle T. Berglin
 **Kyle T. Berglin, Esq.**
 Florida Bar No. 84027
 kberglin@boydlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 18, 2023 , I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Kyle T. Berglin
**Kyle T. Berglin, Esq.**

## SERVICE LIST

**Brian H. Pollock, Esq.**
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Tel: (305) 230-4884

*Counsel for Plaintiff*