UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22487

CARLOS AMAGO CASTELLANOS,

    Plaintiff,

vs.

MDM BRICKELL HOTEL GROUP, LTD.,
D/B/A JW MARRIOTT HOTEL MIAMI,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant, MDM BRCIKELL HOTEL GROUP, LTD., D/B/A JW MARRIOTT HOTEL MIAMI. (hereinafter referred to as "JW" or "Defendant") by and through undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff, CARLOS AMAGO CASTELLANOS' (hereinafter "Plaintiffs") Complaint and in support, states as follows:

**PARTIES, JURISDICTION, VENUE**

    1.    Defendant admits that the Plaintiff is over the age of 18, Defendant has no knowledge of Plaintiff's resident status, therefore, denied.

    2.    Defendant admits that it is a for profit limited liability company authorized to do business in the State of Florida and in Miami-Dade County, Florida.

    3.    In response to this paragraph of the Complaint, Defendant states that the referenced statute speaks for itself, otherwise the allegations are denied.

    4.    This paragraph sets forth venue and jurisdiction allegations that present conclusions of law rather than allegations of fact, and therefore, no response is required. To the extent that a

1

response is required, Defendant admits that venue and jurisdiction are proper in this Court, but otherwise denies all allegations.

5. Denied.

6. Defendant is without knowledge of the arrangement Plaintiff has made with legal counsel, therefore, denied.

## **COUNT I-FLSA OVERTIME WAGES**

Defendant readopts and restates its responses to Paragraphs 1-6 above as though fully set forth herein.

7. Denied.

8. Defendant admits that it regularly employs more than two employees. All other allegations are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore the allegations are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**COUNT II – RETALATORY DISCHARGE IN VIOLATION OF THE FLSA**

Defendant readopts and restates its responses to Paragraphs 1-21 above as though fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. This paragraph presents conclusions of law rather than allegations of fact and therefore no response is required. To the extent a response is required the allegations are denied

32. Defendant states that this paragraph contains legal conclusions and argument rather than allegations of fact and, as such, does not require a response. To the extent a response is required, the allegations are denied.

33. Denied.

**COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT**

Defendant readopts and restates its responses to Paragraphs 1-7 above as though fully set forth herein.

34. Denied.

35. This paragraph presents conclusions of law rather than allegations of fact and therefore no response is required. To the extent that a response is required the allegations are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. This paragraph presents conclusions of law rather than allegations of fact and therefore no response is required. To the extent that a response is required the allegations are denied.

41. This paragraph contains legal conclusions and argument rather than allegations of fact, and as such, does not require a response. To the extent a response is required, the allegations are denied.

42. Denied.

## COUNT IV – BREACH OF CONTRACT

Defendant readopts and restates its responses to Paragraphs 1-42 above as though fully set forth herein.

43. This paragraph describes the relief sought in this action. Defendant denies that Plaintiff is entitled to any such relief and denies Plaintiff's claims.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT V – UNJUST ENRICHMENT

Defendant readopts and restates its responses to Paragraphs 1-7 above as though fully set forth herein.

48. This paragraph describes the relief sought in this action. Defendant denies that Plaintiff is entitled to any such relief and denies Plaintiff's claims.

49. Denied.

50. Defendant has no knowledge of Plaintiff's expectations, therefore, denied.

51. Denied.

52. Denied.

## JURY DEMAND

Defendant demands trial by jury of all issues triable as of right by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its first affirmative defense, Defendant states that there were legitimate, neutral, non-retaliatory reasons for any adverse employment actions taken against the Plaintiff by his employer and that Plaintiff was terminated from his employment solely because of these legitimate, neutral, non-retaliatory reasons.

### Second Affirmative Defense

As its second affirmative defense, Defendant states that the Plaintiffs' claims are barred, in whole or in part, because Defendant acted in good faith and had reasonable grounds to believe that their actions were in compliance with the FLSA as Defendant acted in good faith conformity with and in reliance on DOL guidelines and Defendant took reasonable steps to ascertain the dictates of the FLSA and comply with them.

### Third Affirmative Defense

As its third affirmative defense, Defendant states that the Plaintiff's claims for damages are limited in whole or in part because the Defendant acted in good faith at all times relevant to this action, and Plaintiff's employment with his employer.

**Fourth Affirmative Defense**

As its fourth affirmative defense, Defendant states that the Plaintiff's claims for damages are limited in whole or in part because Plaintiff failed to mitigate his damages by seeking out and obtaining a substantially equivalent employment opportunity that was reasonably available to him under the circumstances; and the amount of damages awarded to Plaintiff at the trial of this matter, if any, should be reduced by the amount Plaintiff could have reasonably realized had he taken advantage of available employment opportunities.

**Fifth Affirmative Defense**

As its fifth affirmative defense, Defendant states that it cannot be held liable for any alleged wrongful or discriminatory actions by employees that were outside of the course and scope of their duties, and which were not authorized, condoned, or ratified by Defendant.

**Sixth Affirmative Defense**

As its sixth affirmative defense, Defendant states that it is entitled to a set-off in the amount equal to any and all payments made to or on behalf of the Plaintiff by any collateral source, including, but not limited to, unemployment benefits, insurance proceeds, claim payments, third party payments, etc., received as a result of Plaintiff's termination or employment status.

**Seventh Affirmative Defense**

As its seventh affirmative defense, Defendant states that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands because Plaintiff's termination and alleged damages flow from Plaintiff's own wrongdoing and misconduct; or to the extent discovery shows that Plaintiff engaged in misconduct prior to, during, or in connection with his employment, that would have resulted in her discharge if such conduct were then known to his employer.

**Eighth Affirmative Defense**

As its eighth affirmative defense, Defendant states that Plaintiff's FLSA claim is barred in whole or in part because all actions taken in connection with Plaintiff's compensation were done in "good faith" and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and/or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

**Ninth Affirmative Defense**

As its ninth affirmative defense, Defendant states that Plaintiff's FLSA claim for liquidated damages is barred because the acts or omissions complained of were done in good faith and with reasonable grounds for believing the acts or omissions were not in violation of the FLSA.

**Tenth Affirmative Defense**

As its tenth affirmative defense, Defendant states that Plaintiff's claim for unlawful retaliation in violation of the Florida Whistleblower's Act barred because Plaintiff failed to advise Defendant in writing or otherwise of any law, rule, or regulation to which Plaintiff objected and/or to which Defendant was purportedly violating. Plaintiff provided no notice, actual or imputed, of any alleged violation of law, rule, or regulation to the Defendant prior to his termination for misconduct and violation of Defendant's policies and procedures.

**REQUEST FOR RELIEF**

Based upon this Answer and Affirmative Defenses, Defendant, MDM BRCIKELL HOTEL GROUP, LTD., D/B/A JW MARRIOTT HOTEL MIAMI , respectfully requests that this Court enter a judgment as follows:

(a) Dismissing the Plaintiffs' Complaint in its entirety, on the merits, and with prejudice;

(b)  Denying the Plaintiffs' request for relief in its entirety;

(c)  Awarding Defendant its costs pursuant to Federal Rule of Civil Procedure 54(d) and reasonable attorneys' fees pursuant to 29 U.S.C. § 216 or any other basis under applicable law; and

(d)  Granting such other and further relief as this Court should deem appropriate under the circumstances.

Dated: August 23, 2023

        Respectfully submitted,

        **BOYD RICHARDS PARKER & COLONNELLI, P.L.**
        *Counsel for Defendant*
        100 S. Second Street, Suite 2600
        Miami, Florida 33131
        Tel: (786) 425-1045
        Fax: (786) 425-3905
        Service Pleadings:
        ServiceMia@boydlawgroup.com

        By: */s/*Kyle T. Berglin_____
        **Kyle T. Berglin, Esq.**
        Florida Bar No. 84027
        kberglin@boydlawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/Kyle T. Berglin, Esq.
**Kyle T. Berglin, Esq.**

## SERVICE LIST

**Brian H. Pollock Esq.**
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Ph.:  (305) 230-4884
brian@fairlawattorney.com
*Counsel for Plaintiff*