UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22487-WILLIAMS/REID

CARLOS AMAGO CASTELLANOS,

    Plaintiff,

vs.

MDM BRICKELL HOTEL
GROUP, LTD. D/B/A JW
MARRIOTT HOTEL MIAMI,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

Counsel for Plaintiff, Carlos Amago Castellanos, and for Defendant, MDM Brickell Hotel Group, Ltd. d/b/a JW Marriott Hotel Miami, after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2) and this Court's Order entered on September 13, 2023 [ECF No. 17]:

**(A)**   **The Likelihood of Settlement**

Settlement may be possible in this action seeking unpaid overtime wages and retaliation (plus liquidated damages, costs, and attorneys' fees) under the Fair Labor Standards Act, violations of the Florida Whistleblower's Act, Breach of Contract and Unjust Enrichment.

**(B)**   **The Likelihood of Appearance in the Action of Additional Parties**

Plaintiff is not seeking to certify a class.

**(C)**   **Proposed Limits on Time**

    i. <u>To join other parties and to amend the pleadings:</u> by Monday, December 11, 2023

    ii. <u>To file and hear motions:</u> by Wednesday, June 12, 2024

    iii. <u>To complete discovery:</u> by Monday, May 13, 2029

**(D)** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

None at this time.

**(E)** **The Necessity or Desirability of Amendments to the Pleadings**

None anticipated at this time.

**(F)** **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

The parties will utilize admissions of fact and stipulations regarding authenticity of documents to avoid unnecessary proof.

**(G)** **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None other than in (F), above.

**(H)** **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

It is likely that motions concerning discovery, for costs, for attorneys' fees, for sanctions or contempt, and other pre-trial matters (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)** **A Preliminary Estimate of the Time Required for Trial.**

A Preliminary estimate of the time required for trial is three days by jury.

**(J)** **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

1. **Trial** – October 14, 2024
2. **Pre-trial Conference** – Wednesday, October 9, 2024 at 9:30 a.m.
3. **Joint Pre-trial Stipulation** – Friday, September 20, 2024
4. **Motion in Limine deadline** – Friday, July 12, 2024
5. **Completion of Mediation** – Monday, May 13, 2024

**(K)** <u>Any Issues Regarding:</u>

1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

   The Parties agree that ESI likely exists that is subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable .pdf or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

   The parties anticipate that they will produce electronically stored information relating to Plaintiff's days and hours worked, pay, and from which it calculated Plaintiff's commissions in both paper and electronic formats, to the extent it exists. The electronic formats are likely to include those that are capable of being opened by Microsoft Word, Microsoft Excel, and through Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that are calculated to lead to relevant evidence, including evidence which may not be admissible but is relevant or could lead to relevant evidence. The parties agree that such discussions may be used in connection with any motion to compel.

   The parties stipulate that all depositions in this case will be conducted remotely via video conferencing (or telephonic conferencing if video conferencing is not reasonably available) unless otherwise agreed to by the parties. The deponent must appear via video, requiring an internet-enabled device with a microphone or camera and a stable internet connection. The parties further stipulate that these depositions will be considered to have taken place in the Southern District of Florida.

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

   If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared with respect to all items withheld on the basis of a claim of privilege or work product protection, except the following: written communications between a named party and its trial counsel after commencement of the action filed. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)   Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time, although there are pattern jury instructions applicable to actions for unpaid overtime wages under the FLSA, retaliation, violations of the Florida Whistleblower's Act, breach of contract and unjust enrichment There is no need for a variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure

Dated this _____ day of September 2023.

| | |
|---|---|
| By: s/Brian H. Pollock, Esq. | By: s/Kyle T. Berglin |
| Brian H. Pollock, Esq. (174742) | Kyle T. Berglin, Esq. |
| brian@fairlawattorney.com | Florida Bar No. 84027 |
| FAIRLAW FIRM | kberglin@boydlawgroup.com |
| 135 San Lorenzo Avenue | BOYD RICHARDS PARKER & COLONNELLI, P.L. |
| Suite 770 | 100 S. Second Street, Suite 2600 |
| Coral Gables, FL 33146 | Miami, Florida 33131 |
| Tel:   305.230.4884 | Tel: (786) 425-1045 |
| *Counsel for Plaintiff* | Fax: (786) 425-3905 |
| | Service Pleadings: |
| | ServiceMia@boydlawgroup.com |
| | *Counsel for Defendants* |