UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22487-WILLIAMS

CARLOS AMAGO CASTELLANOS,

    Plaintiff,

vs.

MDM BRICKELL HOTEL GROUP, LTD.
D/B/A JW MARRIOTT HOTEL MIAMI,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND STIPULATION FOR DISMISSAL WITH PREJUDICE**

    Plaintiff, CARLOS AMAGO CASTELLANOS ("Plaintiff"), and Defendant MDM BRICKELL HOTEL GROUP, LTD. d/b/a JW MARRIOTT HOTEL MIAMI ("Defendant"), (collectively the "Parties") by and through their undersigned counsel, hereby stipulate to the dismissal with prejudice of this action in its entirety pursuant to Federal Rule of Civil Procedure 41(a), subject to the Court's approval of their Settlement Agreement and conditioned upon the Court's retention of jurisdiction to enforce the Settlement Agreement.

    Pursuant to *Lynn's Food Store, Inc. v. United* States, 679 F.2d 1350 (11th Cir. 1982), the Parties jointly move the Court for entry of an Order approving the Parties' Settlement Agreement and for dismissal of this action, with prejudice.

**I.    Background**

    Plaintiff asserts claims in this action for failure to pay overtime wages and retaliation in violation of the Fair Labor Standards Act ("FLSA"), as well as violation of the Florida Private Whistleblower's Act ("FWA"), Breach of Contract, and Unjust Enrichment. Defendant denies all

claims asserted; however, the Parties have been able to reach a settlement concerning Plaintiff's claims and have incorporated said settlement into a settlement agreement executed by both Parties.

The Parties agree the instant action involves disputed issues. Specifically, the issues as to whether Plaintiff was properly compensated under the FLSA, whether Plaintiff was exempt under the FLSA, whether Plaintiff was subject to retaliation under the FLSA and the FWA, whether Defendant breached a contract with Plaintiff, and whether Defendant was unjustly enriched. Defendant disputes Plaintiff's claims asserting, *inter alia*, that Plaintiff was properly compensated for all hours worked, Plaintiff was not subject to any retaliatory conduct, no contract was breached, and Defendant was not unjustly enriched.

The Parties engaged in settlement negotiations after review of all of the relevant documentation provided by each party and the risks involved for both Parties. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Settlement Agreement.

## II.     Legal Principles

This matter involves claims arising under the FLSA and FWA. Under well-established federal law, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food*, 679 F.2d at 1353. Second, in the context of a private lawsuit brough by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a judgment approving the

fairness of the settlement. *Id. See also Schulte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Se. Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the United States Court of Appeals for the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354

The settlement of the instant action involves just such a situation in which the Court should approve the Parties' settlement to resolve and release Plaintiff's FLSA claims. The proposed settlement arises out of an action brought by the Plaintiff against a former employer and such action is adversarial in nature. During the litigation and settlement of this action, Plaintiff and Defendant are and were represented by experienced counsel, exchanged time and pay records, and discussed the facts of the case as known to each.

Additionally, the Parties' settlement of the claims in this case is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation whether Defendant violated the FLSA by allegedly failing to pay Plaintiff proper overtime wages and then retaliating against him. The settlement negotiated and reached by the Parties reflects a compromise of the disputed issues. The Parties engaged in settlement discussions based upon their independent calculations.

Moreover, The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. The Parties were advised and represented by counsel throughout the litigation and settlement process. Plaintiff agrees that the settlement adequately compensates Plaintiff for any potential wage claims, and for the release signed by the Plaintiff. Plaintiff represents that he was counseled and represented by his attorney throughout the litigation and settlement negotiation process, and the Settlement Agreement has been signed by all Parties.

### III. Conclusion

The Parties jointly request that this Court approve the Parties' Settlement Agreement and request that the Court dismiss this action with prejudice upon condition that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.

Respectfully submitted on this 6th day of November, 2023.

| | |
|---|---|
| **FAIRLAW FIRM** | **BOYD RICHARDS PARKER & COLONNELLI, P.L.** |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| 135 San Lorenzo Ave, Ste. 770 | 100 Southeast 2nd Street, Suite 2600 |
| Coral Gables, Florida 33146 | Miami, Florida 33131 |
| Telephone: (305) 230-4884 | Telephone: (786) 425-1045 |
| /s/ Brian H. Pollock | /s/ Kyle T. Berglin |
| **Brian H. Pollock, Esq.** | **Kyle T. Berglin, Esq.** |
| Florida Bar No. 174742 | Florida Bar No. 84027 |
| brian@fairlawattorney.com | kberglin@boydlawgroup.com |